## Sarah C. Gibson et al. v. The Safety Homestead and Loan Association.

## In the matter of the Intervening Petition of John R. Challacombe v. John J. McLean, Receiver.

1. BUILDING ASSOCIATIONS—*Paid up Stock—Owners of, Not Entitled to Priority.*—While it is perhaps true that building associations have no power under the statute to issue paid up stock, yet if they offer such stock, and persons chose to invest in it, such persons will in case of the failure of the association be allowed only the same share of the assets as other stockholders, and will not be regarded as creditors of the association, and entitled to priority in payment as such.

Error, to the Circuit Court of Montgomery County; the Hon. JAMES A. CREIGHTON, Judge, presiding.  Heard in this court at the November term, 1896.  Affirmed.  Opinion filed February 25, 1897.

HOWETT & JETT and JAMES M. TRUITT, attorneys for intervening petitioners, plaintiff's in error.

LANE & COOPER, attorneys for defendant in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The Circuit Court of Montgomery County having before it the question of ordering distribution to be made of certain funds in the hands of John J. McLean, receiver of the Safety Homestead and Loan Association, entered a decree in substance as follows :

The court, finding from reports of John J. McLean, receiver, that there is sufficient money in the receiver's hands to pay a dividend of twenty-five per cent to shareholders, and still leave enough money in the receiver's hands to pay taxes and other expenses of administration of said estate, orders, adjudges and decrees that the receiver pay a dividend of twenty-five per cent to all shareholders of said association in the following manner:

First.  Receiver is ordered to pay from any money in

his hands as receiver a dividend of twenty-five per cent among all shareholders, irrespective of withdrawals or of paid up stock, as follows:

The principal sum upon which dividends shall be paid to holders of common stock shall be the total amount of monthly installments paid by the several shareholders of such stock, with six per cent interest on the several installments, computed according to the average time of monthly payments from date of payment to April 23, 1895.   Second. The principal sum on which dividends shall be paid shareholders of paid up stock shall be the total amount paid by the several shareholders of such stock, with six per cent interest from date.   Association failed to pay six per cent interest on said stock, to April 23, 1895.   Third.   Borrowing shareholders shall be credited with amount of dividends payable on their shares when they pay off their loan to said receiver, but the credit shall be as of the date when dividends are paid to non-borrowing shareholders.   Fourth.   Receiver shall only pay dividends to persons by stock books as owners of stock on which dividends are paid.   Fifth.   Dividends shall only be paid upon presentation of certificate of shares to receiver, at time dividends are paid, for indorsement or credit thereon of amount paid.

This is an appeal by certain stockholders who deemed themselves aggrieved.

We were called upon in the case of Chapman v. Young, receiver, 65 Ill. App. 131, to consider and determine all of the questions here involved save one.

We perceive no reason for departing from the doctrines announced in that case nor any making it necessary we should again restate them here.

The point present here, and which was not involved in the Chapman case, *supra*, arises out of the fact the association now before the court adopted a plan of issuing stock of exceptional character denominated " paid up stock."

The certificates issued to holders of such paid up stock, and from which its character will appear, were as follows:

" This is to certify that ——— of —— is the owner of

shares of the —— series, dated ———, of the prepaid capital stock of the Safety Homestead and Loan Association of East St. Louis, Illinois, having therefor paid the sum of $50.00 per share in advance, transferrable only on the books of the association in person or by attorney upon surrender of this certificate, and is entitled to the dividends, and is subject to the conditions printed on the back of this certificate and the constitution and by-laws of the association," and bearing indorsement as follows :

" The stock represented by this certificate is entitled to semi-annual dividend of three per cent on amount paid therefor, which will be deducted from profits earned on stock, balance being credited on stock represented by this certificate. When amount to credit of stock equals $100 per share stock is matured, and holder may withdraw same by surrender of this certificate, properly indorsed, and receive $100 per share therefor. Holder may surrender stock by giving thirty days' notice any time after one year, and receive full amount paid, and portion of profits equal to earned and unpaid dividend thereon. Board of directors reserve right to call in, cancel and pay off certificate any time by giving person to whom issued thirty days' notice by mail at post office last known, and by paying him withdrawal value. After expiration of such notice stock represented by this certificate will not be entitled to further dividends, whether presented for redemption or not."

Plaintiffs in error contend :

(1.) The decree should direct the payment of this " paid up " stock in full before paying anything to the holders of the common stock;

(2) Or at least the amount paid by the holders of such stock, in excess of the amount which would have been necessary to pay the monthly dues on common stock up to the date of the appointment of the receiver, should have been directed to be paid in full before, and dividend declared upon the remainder as upon common stock.

The view of counsel in support of these contentions is, the association was without power to issue paid up stock, and

that the holders of such stock should be regarded as creditors of the association, and consequently entitled to priority in payment as other creditors, or at least should be regarded as a special class of creditors entitled to payment in full after ordinary creditors were paid, and before any dividends should be allowed on the ordinary or common stock.

It is perhaps true the association lacked power, under our statutes, to issue "paid up" stock, but it offered such stock, and of their own choice appellants preferred to invest upon that plan.

It offered in their view superior inducements and promised better returns.

The adventure was not successful and it became the duty of the court of chancery to convert the assets into money, pay the creditors and make distribution among all those who had invested their money in the enterprise.

In the Chapman case, *supra*, we said :

"The funds of an insolvent association should be administered by the court between stockholders on principles of equity, and to the end all members should equally and mutually bear their just proportion of the losses sustained in the course of the life of the society."

It may be the scheme adopted and the issuance of paid up stock thereunder was unauthorized by the strict letter of the law, but the fact remained the holders of such stock and the other stockholders, upon a mutual understanding, contributed their money to create a general fund to be administered by the association for the purpose of securing gains and profits for all contributors.

In an equitable point of view all such contributors, whether their contributions were represented by stock of the one or the other character, are, as to each other, the owners of the fund subject to the right of creditors against it.

It would be highly inequitable to declare, after such an association had become insolvent, that certain of such contributors should be exempted from the hazard of loss, and deemed creditors as against the right and interests of other fellow-contributors.

Equitably all were members of the associations and were properly regarded by the court as claimants against the fund in that capacity, and not as creditors.

The decree is equitable and is affirmed.